Katherine **BURKE**, Plaintiff,

v.

**ATLANTIC FUELS MARKETING CORP. and Alexsis, Inc., Defendants.**

**Civ. A. No. 91–11604–K.**

United States District Court, D. Massachusetts.

Oct. 17, 1991.

 

Francis E. Jenney, Harnish, Jenney, Mitchell & Resh, Waltham, Mass., for plaintiff.

F.J. Flynn, Jr., Parker, Coulter, Daley & White, Gordon M. Orloff, Rackemann, Sawyer & Brewster, Boston, Mass., for defendants.

KEETON, District Judge.

Plaintiff commenced this common law tort action in Massachusetts Superior Court on December 22, 1989. On June 11, 1991, defendant filed a petition for removal under 28 U.S.C. § 1441, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). Now before this court are the following: Plaintiff's Motion for Remand (Docket No. 2, filed June 26, 1991) and Plaintiff's Memorandum in Support of Motion to Remand (Docket No. 3, filed June 26, 1991), opposed by Defendant, Atlantic Fuels Marketing Corporation's Opposition to Plaintiff's Motion for Remand (Docket No. 4, filed July 9, 1991).

Plaintiff has challenged defendant's removal petition on three grounds. Plaintiff contends that defendant failed to request removal within the requisite time period, that diversity of citizenship does not exist, and that equity demands that this court remand the action to state court. For the reasons stated herein, plaintiff's motion must be allowed.

■ On April 26, 1991, plaintiff filed her second amended complaint, adding additional counts against Atlantic under Mass. Gen.L. ch. 93A. Defendant asserts that by amending her complaint plaintiff has transformed her case against Atlantic, giving rise to a right of removal under § 1446(b). In *McKenna v. Brassard*, 704 F.Supp. 309 (D.Mass.1989) (Tauro, J.), the court faced a very similar contention. In *McKenna*, plaintiffs brought a substantial negligence claim against defendants who chose not to remove the case to federal court. Subsequently, plaintiffs amended their complaint to add a wrongful death cause of action. Defendants then sought to remove the case. In doing so, defendants relied on a line of cases that place a judicial gloss on § 1446(b). *E.g., Adams v. Western Steel Bldgs., Inc.*, 296 F.Supp. 759 (D.Colo.1969); *see also Davis v. Time Ins. Co.*, 698 F.Supp. 1317 (S.D.Miss.1988); *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962 (7th Cir.), *cert. denied*, 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 70 (1982); *cf. Fletcher v. Hamlet*, 116 U.S. 408, 6 S.Ct. 426, 29 L.Ed. 679 (1886). Under the rule of those cases, a defendant who chooses not to remove an action at its initiation may be allowed to exercise that right beyond the thirty day period provided by § 1446 if an amendment to the complaint radically changes the nature of the action. *See McKenna*, 704 F.Supp. at 310–11. Judge Tauro concluded that the wrongful death cause of action was not a sufficiently drastic change and remanded the case to state court. In the present case, defendant characterizes the question raised by its removal petition as whether a chapter 93A claim is sufficiently different from plaintiff's initial tort cause of action to qualify under the judicial gloss on § 1446.

The cases upon which defendant relies were all decided under the version of § 1446(b) then in effect. In view of the Judicial Improvements and Access to Justice Act, Pub.L. 100–702, 102 Stat. 4642 (1988), which amended § 1446(b), the key question is whether the line of cases upon which defendant relies continues to have vitality. Section 1446(b) now provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court

and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

The emphasized language in the second paragraph of § 1446(b) was added by the 1988 amendment.

Plaintiff argues that the one year limitation bars the defendant from removing the action to this court because the initial pleading in the case was filed on December 22, 1989, more than one year before the June 11, 1991 petition for removal. In support of this proposition, plaintiff has cited *Royer v. Harris Well Service, Inc.,* 741 F.Supp. 1247 (M.D.La.1990). *Royer* involved a state law claim that was filed in 1985. In 1989, defendant Harris Well Service was dismissed as a defendant, and shortly afterward a second defendant petitioned for removal. The court held that the petition was untimely because more than one year had elapsed. Although it is unclear from the *Royer* decision, it appears that plaintiff Royer and defendant Harris were not of diverse citizenship. If so, the action was one in which "the case stated by the initial pleading [was] not removable." 28 U.S.C. § 1446(b). Therefore, the time limitation contained in the second paragraph of § 1446(b) controlled.

In the present case, the action was removable at the outset. Defendant simply chose not to remove the case. Therefore, the second paragraph of § 1446(b), which applies only if "the case stated by the initial pleading is not removable," does not apply. The result is a neat paradox. An action that cannot be removed when filed but becomes removable thereafter may only be removed within one year after the case is filed; yet, under the line of cases cited by defendant, an action that can be removed by the defendant at the outset can also be removed at *any* later time (if the plaintiff radically changes the cause of action).

Defendant would solve this paradox by placing the same judicial gloss on the one year limitation that some cases have placed on the thirty day limitation; i.e., whenever a cause of action is changed radically, the one year limitation would not apply. I conclude that it would be inappropriate for courts to resolve the paradox by disregarding the plain mandate of the statute.

To solve this dilemma, it is appropriate to consider § 1446(b) as a whole. Taken *together*, the first and second paragraphs of that section allow a defendant to remove an action to federal court within thirty days, unless the ground for removal appears after the initial pleading, in which case the defendant may remove the action within thirty days of the appearance of the ground for removal so long as, in diversity cases, the petition for removal is filed within a year of the initial pleading. Read in this fashion, § 1446(b) presents no paradox. Rather, the paradox results from defendant's attempt to square the older line of cases with the recent amendment.

Defendant urges that § 1446 is not in conflict with the older line of cases when § 1446 is properly construed. In support of this proposition, defendant argues that "[g]iven ordinary rules of construction, 'the action' contained at the end of the second paragraph of section 1446(b) is read to modify the *amended pleading*." Def. Atlantic Fuels Mktg. Corp.'s Opp. to Pt.'s Mot. for Remand (Docket No. 4) at 5 (emphasis in original). If that were the case, the second paragraph of § 1446(b) would read as follows: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant ... of a copy of an amended pleading ..., except that a case may not be removed on the basis of [diversity] jurisdiction more than 1 year after *receipt of the amended pleading.*" Thus, under the proposed interpreta-

tion, a defendant would have thirty days from receipt of the amended complaint to remove—except in diversity cases, in which defendants would have one year. This result is contrary to a common sense reading of the text of the statute, as amended. It is also contrary to the legislative history of the amendment, which states, "The result is a modest *curtailment* in access to diversity jurisdiction." *House Report No.* 100–889, 100th Cong., 2d Sess., *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032 (emphasis added).

The legislative history also states that § 1446(b) was amended in order "to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court." *Id.* Although the cases upon which defendant relies were not specifically addressed in the legislative history, I conclude that the 1988 amendment rejected the rule of those cases, at least insofar as they imply that removal is proper even if the transformation of the complaint that revives the right to removal occurs more than one year after the action commences.

█ Because the petition for removal was filed more than one year after commencement of the action in state court, plaintiff's motion to remand the case to the Massachusetts Superior Court is allowed. Having reached this conclusion, I need not consider whether the addition of plaintiff's chapter 93A claim would be a sufficient triggering event, nor need I address plaintiff's remaining contentions.