Dean **CODNER**, as Personal Representative of the Estate of Tammy Codner, and on behalf of Dean Codner, Surviving Spouse; Cassie Williams, Cheyenne Williams, and Paige Codner, the Surviving Children of Tammy Codner, Deceased; and Stanley Houser and Cleona Warren, the Surviving Parents of Tammy Codner, Plaintiffs,

v.

**AMERICAN HOME PRODUCTS CORPORATION**, a foreign corporation; A.H. Robins Company, Incorporated, a foreign corporation; Wyeth–Ayerst Laboratories Company, a division of American Home Products Corporation, a foreign corporation; and Pamela S. Hiti, M.D., individually and d/b/a Oklahoma Center For Weight Management, Defendants.

No. Civ–00–648–C.

United States District Court,
W.D. Oklahoma.

May 17, 2000.

Charles E Geister, III, J William Conger, Ryan S Wilson, Hartzog Conger Cason & Neville, Oklahoma City, OK, W G Steidley, Jr., Steidley & Neal, McAlester, OK, Mark Weimer, Oklahoma City, OK, for Dean Codner, plaintiff.

Charles E Geister, III, J William Conger, Ryan S Wilson, Hartzog Conger Cason & Neville, Oklahoma City, OK, W G Steidley, Jr., Steidley & Neal, McAlester, OK, for Dean Codner, plaintiff.

Charles E Geister, III, Hartzog Conger Cason & Neville, Oklahoma City, OK, W G Steidley, Jr., Steidley & Neal, McAlester, OK, for Cassie Williams, Cheyenne Williams, Paige Codner, plaintiffs.

A Paul Murrah, Jr, Thomas G Wolfe, Phillips McFall McCaffrey McVay & Murrah, Oklahoma City, OK, for American Home Products Corporation, defendant.

## ORDER OF REMAND

CAUTHRON, District Judge.

This action was removed from the District Court of Cleveland County by defendant American Home Products on March 31, 2000. The removal was within 30 days of the filing of plaintiffs' amended complaint but more than one year after commencement of the action in state court. Defendant also filed a motion to stay in this Court pending transfer to Multi–District Litigation. Plaintiff has filed his motion to remand and objection to the stay. Finding remand to state court is required, the Court declines to stay the action pending transfer to Multi–District Litigation.

This suit was commenced on August 25, 1998, in the District Court of Cleveland County, Oklahoma, alleging damages resulting from fen-phen diet drugs. Tammy Codner sued on behalf of herself and other family members. Defendants are the manufacturer and the doctor who prescribed the drugs. Because the doctor was an Oklahoma resident there was no diversity at that time. It is undisputed that, since the institution of the suit, the individual defendant has moved to Kansas. Moreover, Tammy Codner died on December 26, 1999, from the condition for which the suit was originally brought. Her surviving spouse was substituted as plaintiff by the filing of a second amended petition on March 21, 2000, substituting not only the plaintiff, but also the theory of relief from personal injury to wrongful death as defined by Oklahoma statute. The removal, within 30 days of the filing of the second complaint, is based on the diversity of citizenship between the present parties. The defendant doctor timely consented to removal.

28 U.S.C. § 1446(b) provides in part as follows:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading ... from which it may first

be ascertained that the case is one which is or has become removable, **except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.** (emphasis added). Plaintiff's motion to remand is based upon the simple proposition that, this case having been pending in state court for more than one year, removal is improper. Defendant's removal is based upon the equally simply proposition that the second amended petition commenced a new cause of action and started the time provided in § 1446 anew. There is no dispute that the case originally filed was not removable as there was not complete diversity between the parties.

■ Removal statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331 (10th Cir.1982). The time limitation found in § 1446(b) is strictly enforced and cannot be extended by court order or agreement of the parties. *First Nat. Bank & Trust Co. v. Nicholas*, 768 F.Supp. 788, 790 (D.Kan. 1991). "Commencement" of the action, which is the relevant inquiry under § 1446(b), is defined under both federal rule and state statute to be when the action is filed. Fed.R.Civ.P. 3; 12 Okla. Stat. § 2003. Section 1446(b) lists those acts which may make an action removable, including an amended pleading, and then prohibits removal, for purposes of diversity jurisdiction, more than one year from commencement of the action. Thus, the very language of the statute belies the interpretation argued by defendant.

■ The circumstance permitting removal must ordinarily come about from a voluntary act of the plaintiff. *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir.1999). This is not a case where plaintiff manipulated the rules and statutes to avoid federal jurisdiction. Neither her death nor the change in residence of the defendant doctor are actions over which she had any control or volition.

■ While defendant attempts to characterize the assertion of a claim for wrongful death as a "new" cause of action, completely unexpected and distinguishable from the original claim for personal injury, this interpretation is completely lacking in credibility or common sense. The facts upon which the cause of action arises are the same whether it is one for wrongful death or personal injury, and the fact that Oklahoma statute may define different categories of damages is not relevant. The one case upon which defendant relies, *Johnson v. Heublein, Inc.*, 982 F.Supp. 438, 444 (S.D.Miss.1997), where the court found "the fact remains that the allegations contained in the First Amended Complaint bear no resemblance whatsoever to the allegations of the Original Complaint," is not consistent with the facts presented here and is thus not persuasive. On the other hand, all other cases which have construed § 1446(b) in this context hold that an amended complaint does not restart the clock for purposes of the one-year limitation on removal. *See, e.g., Russaw v. Voyager Life Ins. Co.*, 921 F.Supp. 723, 724–725 (M.D.Ala.1996) (no exceptions to one year limitation, not even after dismissal of non-diverse defendant joined fraudulently and for purpose of defeating federal jurisdiction); *Burke v. Atlantic Fuels Marketing Corp.*, 775 F.Supp. 474 (D.Mass.1991); *Royer v. Harris Well Service, Inc.*, 741 F.Supp. 1247 (M.D.La.1990); *O'Rourke v. Communique Telecommunications, Inc.*, 715 F.Supp. 828 (E.D.Mich. 1989) (same for involuntary dismissal of non-diverse party); *Brock v. Syntex Laboratories, Inc.*, 791 F.Supp. 721, 722–723 (E.D.Tenn.1992) (same), *aff'd*, 7 F.3d 232, 1993 WL 389946 (6th Cir.1993); *First Nat. Bank & Trust Co. v. Nicholas*, 768 F.Supp. 788 (D.Kan.1991) (same for substitution of party).

Finding removal clearly barred by the one-year restriction found in 28 U.S.C. § 1446(b), the Court need not reach the remaining theory asserted by plaintiff in support of remand.

Under 28 U.S.C. § 1447(c), as construed by the Tenth Circuit in *Suder v. Blue Circle, Inc.*, 116 F.3d 1351 (10th Cir. 1997), attorney's fees may be awarded to a plaintiff whenever there is no proper or legitimate basis for removal. *Id.* at 1353. The question is not whether removal was "colorable" but whether it is "legitimate." Here, the removal is neither, and expenses, including attorney's fees, will be awarded to plaintiff. Counsel are to confer on a reasonable amount of attorney's fees and, if agreement is reached, present an approved order. Otherwise, counsel shall comply with the provisions of LCvR 54.2 or 54.3.

In accordance with the foregoing, defendant's motion to stay pending transfer to Multi–District Litigation is denied; plaintiff's motion to remand is granted; and costs, including attorney's fees, are imposed against defendant, to be determined in accordance with the directions herein. The Clerk shall take the appropriate steps to remand this case to the District Court of Cleveland County, Oklahoma.