# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1939

_____

| | |
|---|---|
| Clara M. Brown, | * |
| | * |
| Appellant, | * |
| | * |
| v. | *  Appeal from the United States |
| | *  District Court for the |
| Tokio Marine and Fire Insurance | *  Western District of Missouri. |
| Co., Ltd.; Toyota Motor Sales | * |
| U.S.A., Inc., | * |
| | * |
| Appellees. | * |

_____

Submitted:  November 15, 2001

Filed:  March 25, 2002

_____

Before BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and NANGLE,[1] District Judge.

_____

BOWMAN, Circuit Judge.

In September 1994, Clara Brown was involved in an automobile accident with an underinsured motorist while on her way to a computer class required by her employer, Toyota Motor Sales.  At the time of the accident, Brown was driving a car

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

leased to her by Toyota. Toyota obtained insurance for the leased car through Tokio Marine and Fire Insurance Co. Brown sued Tokio in Missouri state court, seeking underinsured motorist benefits under Toyota's policy with Tokio to "partially satisfy a default judgment she obtained . . . against the other driver involved in the accident." Appellee's Br. at 16. Although diversity jurisdiction existed between Tokio and Brown at the time Brown filed her complaint, see 28 U.S.C. § 1332 (1994 & Supp. IV 1998), Tokio attempted but failed to properly remove the case to federal court. Ninth months later Brown added Toyota as a defendant, bringing a breach of contract claim against Toyota for failure to maintain the underinsured motorist coverage that Brown argues her lease agreement with Toyota requires. Toyota, also a diverse party, removed the case to the District Court[2] with Tokio's consent. The District Court then granted summary judgment in favor of Tokio and Toyota, concluding that the provisions of Tokio's insurance policy and Toyota's lease agreement with Brown excluded the coverage she was seeking. Brown appeals and we affirm.

We must in the first instance ascertain whether this case is properly heard in federal court. Brown argues that this Court and the District Court are without subject matter jurisdiction because her case was removed from state court more than one year after its commencement, in violation of the one-year limitation period set out in the removal statute, 28 U.S.C. § 1446(b) (1994). The District Court addressed this argument and concluded that the one-year limitation period does not apply to cases such as Brown's suit that were removable to federal court when originally filed.

---

[2]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Brown's argument on this point raises an issue as yet undecided by this Circuit, as we have not construed the scope of the one-year limitations period in § 1446(b).[3] The text of the statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Thus, the real question in this case is whether the last clause of the second paragraph of § 1446(b) modifies only the second paragraph, or applies more broadly to both paragraphs of the provision.

---

[3]Our review of the case law discovered only one other case in this Circuit that has referred to the scope of the one-year limitations period of § 1446(b). To the extent that Brown construes our discussion in footnote four of In re Burns & Wilcox, Ltd., 54 F.3d 475, 476 (8th Cir. 1995), to support her argument, we conclude that it does not govern our decision for two reasons. First, the footnote is dicta and not controlling here. Second, the cause of action at issue in that case was not initially removable to federal court when filed; the case only became removable once non-diverse plaintiffs had been dismissed.

Three other circuits have addressed this question, and all three are in agreement with the position taken by the District Court and by Tokio and Toyota that rules of usage and statutory construction lead inevitably to the conclusion that the one-year limitation period modifies only the second paragraph of § 1446(b), and therefore only applies to cases that were not removable to federal court when originally filed. We are persuaded by the reasoning of those cases and we hold that construction to be the proper interpretation of the statute. See Johnson v. Heublein Inc., 227 F.3d 236, 241 (5th Cir. 2000); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999), cert. denied, 528 U.S. 1076 (2000); N.Y. Life Ins. Co. v. Deshotel, 142 F.3d 873, 886 (5th Cir. 1998); Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316-17 (9th Cir.), cert. denied, 525 U.S. 963 (1998).[4]

Having determined that the one-year limitations period does not apply to Brown's case because complete diversity existed between Brown and Tokio when Brown filed her original complaint in state court in May 1998, it remains to inquire whether Toyota complied with the provisions of the first paragraph of § 1446(b). Brown moved to add Toyota as a defendant in March 1999, but Toyota was not served with the amended complaint until September 1999. Toyota filed a notice of removal within thirty days of the September service, a fact that Brown does not contest.

The law is settled in this Circuit that the thirty-day period to file a notice of removal runs from the time that a defendant is served with the complaint, even when the defendant is a later-served defendant and does not receive service until the time limit during which the first-served defendant could have removed the case has expired. See Marano Enters. v. Z-Teca Rests., L.P., 254 F.3d 753, 756-57 (8th Cir.

---

[4]Although we recognize that numerous district courts, cited by Brown, agree with the reading of the statute that she urges, we conclude that the construction adopted by the Fifth, Sixth, and Ninth Circuits represents the better-reasoned interpretation of the statute's language.

2001). Toyota did not receive service of process until September 1999, and thus its subsequent notice of removal, filed within thirty days (and with Tokio's consent), was timely. We conclude that federal removal jurisdiction of Brown's claims is proper.

Turning to the merits of Brown's appeal, Brown argues that she is entitled to underinsured motorist coverage under the policy issued by Tokio, and that her lease agreement with Toyota required Toyota to obtain underinsured motorist coverage for the accident. She argues that the District Court improperly granted summary judgment because the court misinterpreted the insurance policy's coverage provisions and the lease agreement with Toyota. Brown urges this Court to reverse the District Court and to grant summary judgment in her favor.

Under Missouri law, interpretation of the language in an insurance policy or a lease is a question of law, which we review de novo. See St. Paul Fire & Marine Ins. Co. v. Mo. United Sch. Ins. Council, 98 F.3d 343, 345 (8th Cir. 1996). After carefully reviewing the submissions of the parties and the applicable law, we conclude that summary judgment was properly granted in favor of Tokio and Toyota. We affirm based on the well-reasoned opinion of the District Court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.