Mary Jane ANDERSON and John Anderson, Plaintiffs,

v.

FORD MOTOR COMPANY, and Texas Instruments, Inc., Defendants.

No. CIV.03–867–C.

United States District Court, W.D. Oklahoma.

Jan. 8, 2004.

As Amended March 10, 2004.

**1254**

Cary D. Dooley, Cathcart & Dooley, Scott D. Caldwell, Cathcart & Dooley, Oklahoma City, OK, for Plaintiffs.

Curtis L. Smith, Chubbuck, Smith, Rhodes, Stewart & Elder, Ronald L. Walker, McKinney & Stringer–OKC, Toby M. McKinstry, McKinney & Stringer–OKC, Oklahoma City, OK, for Defendants.

### ORDER

CAUTHRON, District Judge.

Despite having withheld service on Defendants Ford Motor Company and Texas Instruments for more than twenty months,

Plaintiffs Mary Jane Anderson and John Anderson now ask the Court to remand this diversity action pursuant to 28 U.S.C. § 1446(b) because Defendants removed more than one year after the case commenced. For the reasons explained below, Plaintiffs' motion to remand is denied.

### I. Background

This case arises out of a fire that destroyed the Andersons' home in October 1999. At the time of the fire, the Andersons owned a 1992 Lincoln Towncar manufactured by Defendant Ford. The Towncar contained a speed control activation switch believed to be manufactured by Defendant Texas Instruments. The Andersons allege that this switch was defective and that the defect directly caused the fire that destroyed their home and personal belongings.

The Andersons filed this action in the District Court of Oklahoma County, State of Oklahoma, on September 28, 2001. However, the Andersons did not serve a copy of this complaint[1] upon either Defendant. A year and a half later, the Andersons filed an amended complaint and served it upon Defendants on June 2, 2003.

On June 23, 2003, Texas Instruments filed its Notice of Removal (Dkt. No. 1) with this Court.[2] Defendants maintain that removal is proper because this action could have been originally filed in federal court based on diversity of citizenship. The Andersons agree that the statutory requirements for diversity jurisdiction are satisfied, see Pls.' Mot. at 2, but argue that removal is prohibited because more than one year has elapsed since the time the original complaint was filed.

---

1. In Oklahoma state court, the initial pleading is called a petition. 12 Okla. Stat. § 2003. However, to be consistent throughout its discussion, the Court will refer to Plaintiffs' initial pleading by the term used in federal court, a complaint. See Fed.R.Civ.P. 3.

2. Ford consented to the removal as required by 28 U.S.C. § 1446(a). See also Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir.1981).

The procedure for removal is established by 28 U.S.C. § 1446. The portion of the statute relevant to the timeliness of removal is found at § 1446(b). It provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading, setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis added).

There is no question that Defendants filed their Notice of Removal within the thirty-day time period specified in the first paragraph of § 1446(b). The first paragraph gives a defendant thirty days from receipt of the summons and initial pleading to file a notice of removal. Here, Defendants were served on June 2, 2003, and filed their Notice of Removal twenty-one days later, on June 23, 2003. Therefore, Defendants have complied with the timing requirement outlined in the first paragraph of § 1446(b).

An additional time restriction appears in the second paragraph, in the "except" clause. Defendants affected by the "except" clause are barred from removing the action more than one year after commencement of the action. 28 U.S.C. § 1446(b). Under both federal and Oklahoma law, an action "commences" when the initial pleading is filed. Fed.R.Civ.P. 3; 12 Okla. Stat. § 2003. Here, the action "commenced" on September 28, 2001, but was not removed until more than a year and a half later. Therefore, if the "except" clause applies, Defendants' removal is time barred.

## II. Discussion

The issue before the Court, then, is whether the "except" clause applies in this instance. The clause does not apply to a defendant asserting federal question jurisdiction but only to a defendant asserting diversity of citizenship as a basis for federal jurisdiction. 28 U.S.C. § 1446(b). The Andersons argue that the "except" clause applies to *all* cases removed on the basis of diversity jurisdiction. In contrast, Defendants argue that the "except" clause applies only to diversity cases *not originally removable.*

▮▮▮ Although neither the Supreme Court nor the Tenth Circuit has decided the issue of whether the "except" clause applies to cases originally removable,[3] this

---

**3.** The Court notes that in *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996), the Supreme Court stated in dicta, "No case, however, may be removed from state to federal court based on diversity of citizenship 'more than 1 year after commencement of the action.'" *Id.* at 69, 117 S.Ct. 467 (citation and footnote omitted).

However, the Courts of Appeals addressing this issue have consistently interpreted this sentence as referring only to cases not originally removable. *See, e.g., Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 535 n. 4 (6th Cir.1999); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1316 (9th Cir.1998).

Court is not without guidance in its construction of the statute. Removal statutes are to be strictly construed, *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), and any doubts about the propriety of removal should be resolved in favor of remand. *Greenshields v. Warren Petroleum Corp.,* 248 F.2d 61, 65 (10th Cir.1957). The Court must "scrupulously confine [its] own jurisdiction to the precise limits which the statute has defined." *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934).

In addition, many other courts have addressed the application of the "except" clause. *See, e.g., Brown v. Tokio Marine and Fire Ins. Co.,* 284 F.3d 871 (8th Cir. 2002), *cert. denied,* 537 U.S. 826, 123 S.Ct. 115, 154 L.Ed.2d 37 (2002) (holding that the "except" clause applies only to cases not originally removable); *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527 (6th Cir.1999) (accord); *New York Life Ins. Co. v. Deshotel,* 142 F.3d 873 (5th Cir.1998) (accord); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313 (9th Cir.1998) (accord); and *Liebau v. Columbia Cas. Co.,* 176 F.Supp.2d 1236 (D.Kan.2001) (accord). *Compare Ariel Land Owners, Inc. v. Dring,* 245 F.Supp.2d 589 (M.D.Penn. 2003) (holding that the "except" clause applies to all cases removed on the basis of diversity jurisdiction); *Foiles v. Merrell Nat'l Laboratories,* 730 F.Supp. 108 (N.D.Ill.1989) (accord); and *Rashid v. Schenck Const. Co., Inc.,* 843 F.Supp. 1081 (S.D.W.Va.1993) (accord). Despite reaching varied outcomes, these courts all support their respective results by analyzing one, some, or all of the following: 1) the textual construction of the rule; 2) the purpose and intent for removal and the one-year time restriction; and 3) general considerations of equity and fairness. Accordingly, the Court explores each of these lines of reasoning below.

### A. Textual Construction of the Rule

▮ Courts of Appeals in four circuits have relied on the "plain language" of § 1446(b) to find that the one-year time limitation applies only to diversity cases not originally removable. *See Ritchey,* 139 F.3d at 1316; *New York Life,* 142 F.3d at 886; *Brierly,* 184 F.3d at 534–35; and *Brown,* 284 F.3d at 873. In their analysis, the Courts of Appeals rely primarily on the last antecedent rule, which states that a qualifying phrase refers solely to the antecedent clause to which it is attached. Norman J. Singer, *Statutes and Statutory Construction* § 47.33 (6th ed.2000). The dependent phrase "except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action" appears in the second paragraph of § 1446(b). *See* 28 U.S.C. § 1446(b). Therefore, applying the last antecedent rule, the "except" clause qualifies *only* the second paragraph addressing cases not originally removable. *See Deshotel,* 142 F.3d at 886. According to the *Ritchey* court, any other reading would "twist ordinary language usage and rules of grammar." *Ritchey,* 139 F.3d at 1316.

▮ Courts should use the rule of the last antecedent merely as an aid to discover the intent or meaning of the statute and not as a dispositive tool. Singer, *Statutes and Statutory Construction* at § 47.33. Moreover, courts should not apply the last antecedent rule when the meaning of the entire act requires that the phrase qualify several preceding sections. *Id.* Therefore, even though the apparent "plain language" of § 1446(b) indicates that the "except" clause does not apply to cases originally removable, the Court must determine whether this interpretation is consistent with the statute's meaning as a whole. To do that, the Court considers the statute's design, object, and policy. *Pilot Life Ins.*

*Co. v. Dedeaux,* 481 U.S. 41, 51, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

### B. Statutory Purpose and Intent

Until 1988, defendants were permitted to remove within twenty or thirty days of receiving a pleading or other notice that their case was removable, regardless of the extent to which the litigation had progressed in state court.[4] H.R.Rep. No. 100–899, at § 1009 (1988), *reprinted in* 1988 U.S.C.C.A.N. 6032. In 1988, Congress amended § 1446(b) by adding the "except" clause to the second paragraph. Pub.L. 100–702 § 1016.

By imposing a time limitation on removal in certain cases, Congress intended to prevent the disruption that occurs in state courts when cases are removed after substantial progress had been made. *Id.* According to the legislative history, "[t]he amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court." *Id.* These problems include disruption and substantial delay. *Id.* at 6032–33. It appears, therefore, that in imposing the one-year time restriction Congress was concerned about: 1) preserving comity between the state and federal courts; 2) the costs borne by litigants due to the delay caused by removal; and 3) the efficient administration of justice.[5]

Congress did not intend for the "except" clause to apply to this case. First, comity is not disturbed by the Court's exercise of its diversity jurisdiction. Oklahoma has no special interest in this action, as no progress has been made at all in its courts. Indeed, the District Court of Oklahoma County was empowered with the authority to *sua sponte* dismiss this action when the Andersons did not serve Defendants within 180 days after filing.[6] 12 Okla. Stat. § 2004(I). Second, removal here will not cause any delay as Defendants removed the case promptly after being initially served. Any delay that has occurred in this case must be attributed to the Andersons' failure to promptly serve Defendants. Therefore, applying the "except" clause to this action would not reduce delay but encourage it.

### C. General Considerations of Equity and Fairness

The statutory history and purposes behind the removal statute support the conclusion that the "except" clause applies only to cases not originally removable. However, in this case two other considerations buttress that conclusion.

First, the Supreme Court's treatment of the time restriction found in the first paragraph of § 1446(b) reinforces the basic rule that a defendant is not obliged

---

4. Originally, a defendant had only twenty days to remove a case. This was changed in 1965 to thirty days. Civil Suits—Removal—Time Limit, Pub.L. 89–215, 79 Stat. 887 (September 29, 1965).

5. Notably, the time restriction in the "except" clause applies only to cases removed on the basis of diversity jurisdiction. Indeed, Congress intended the restriction as a "modest curtailment in access to diversity jurisdiction." H.R.Rep. No. 100–899, at § 1009 (1988), *reprinted in* 1988 U.S.C.C.A.N. 6032. This limited application is consistent not only with Congress' intent to limit diversity jurisdiction, but also the realities of litigation and

problems Congress purported to address. For instance, settlement with, or dismissal of, a diversity-destroying defendant is much more likely to occur late in litigation than the addition of claims arising under the Constitution or laws of the United States. *See* Fed. R.Civ.P. 15(a) (requiring a party to receive leave of court to amend a pleading if more than twenty days have passed since its service upon the opposing party).

6. The statutory authority granted by 12 Okla. Stat. § 2004(I) demonstrates that the Oklahoma legislature has disavowed any interest its courts may have in cases that are not diligently prosecuted.

to engage in litigation before being brought under a court's authority by formal process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).[7] In fact, the Court declared this rule "fundamental" to our system of justice, *id.* at 350, 119 S.Ct. 1322, a "bedrock principle," *id.* at 347, 119 S.Ct. 1322, and relied on it to uphold the trial court's interpretation of the statute in the face of arguably plain language to the contrary.[8] *Id.* at 356, 119 S.Ct. 1322.

If the Court were to adopt the Andersons' interpretation of the statute, it would run counter to the principle so clearly stated in *Murphy Bros.* It would lead to the absurd result of requiring a defendant to attempt to remove a case before being served (assuming it had notice of the suit) or forfeit its right to do so later. It would "render removal the sole instance in which one's procedural rights slip away before service of a summons, *i.e.*, before one is subject to any court's authority." *Id.*

Further, the bedrock principle grounding the Court's decision in *Murphy Bros.* is even more compelling in this case. In *Murphy Bros.*, the plaintiff had at least some textual support that Congress intended to dispense with "service of process as the official trigger for a responsive action" by a named defendant. *Id.* at 353, 119 S.Ct. 1322. Nevertheless, the Court found that "it would take a clearer statement than Congress has made" to do so. *Id.* at 356, 119 S.Ct. 1322. Here, the text at issue does not reflect any intention on the part of Congress to alter or discard this bedrock principle, much less contain the type of clear statement mandated by *Murphy Bros.*

■ Second, federal courts must vigilantly protect a defendant's right to proceed in federal court against abuses and manipulations by the plaintiff. *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186, 27 S.Ct. 184, 51 L.Ed. 430 (1907). "Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals." *Ala. Great So. Ry. Co. v. Thompson*, 200 U.S. 206, 218, 26 S.Ct. 161, 50 L.Ed. 441 (1906).[9] By waiting over a year to serve Defendants and then seeking remand after removal, the Andersons are attempting to deprive Defendants of their right to have this case heard in federal court. The Court will not sanction that conduct.

## III. Conclusion

■ According to a plain reading of § 1446(b), the "except" clause applies only

---

7. In *Murphy Bros.*, the plaintiff filed the action but did not serve a summons on the defendant until three weeks later. The defendant removed the case to federal court. The plaintiff sought remand, arguing that the time limit in the first paragraph of § 1446(b) began to run, not when the defendant received the summons, but two weeks earlier when the plaintiff faxed the defendant a "courtesy copy" of the file-stamped complaint. The portion of the statute at issue read, "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service *or otherwise* ...." 28 U.S.C. § 1446(b) (emphasis added).

8. The Court notes that even if the language at issue in *Murphy Bros.* was subject to differing interpretations, a strict construction of the statute, as required in removal cases, would have supported remand. The fact that the Supreme Court affirmed the district court's denial of remand demonstrates how fundamental this principle is.

9. A defendant's right to remove cannot be defeated, for example, by a fraudulent joinder of a resident defendant or improper assignment of claims. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921).

to diversity cases not originally removable. After reviewing the removal statute as a whole, including its legislative history, the Court is not persuaded to the contrary. Further, such a reading is consistent with the fundamental principles of litigation articulated by the Supreme Court in *Murphy Bros.* and *Wecker.* This case was unquestionably removable at the time of filing. Therefore, Plaintiff's Motion to Remand (Dkt. No. 11) is DENIED.[10]

---

**10.** This decision is consistent with this Court's prior decision in *Codner v. Am. Home Products Corp.,* 123 F.Supp.2d 1272, 1274 (W.D.Okla.2000). In *Codner,* the case was *not* originally removable but become removable after the defendant moved to another state. The defendant's move created diversity between the parties for the first time. Accordingly, the "except" clause applied, and the Court remanded the case to state court.