**David McKENNA, Individually and in his capacity as Administrator of the Estate of Michelle McKenna, Plaintiff,**

v.

**Laurie J. BRASSARD and Heat, Inc., Defendants.**

**Civ. A. No. 88–2644–T.**

United States District Court, D. Massachusetts.

Jan. 31, 1989.

Paul F. Leavis, Connolly & Leavis, Boston, Mass., for plaintiff.

Elizabeth M. Fahey, Morrison, Mahoney & Miller, Boston, Mass., for defendants.

### MEMORANDUM

TAURO, District Judge.

Plaintiff David McKenna and his wife Michelle McKenna were involved in a 1984

motor vehicle collision with defendant Brassard, an employee of defendant Heat, Inc. In 1986, they filed a personal injury action against both defendants in the Middlesex Superior Court of the Commonwealth of Massachusetts. The initial complaint sought $5 million in damages on behalf of the wife for negligence, as well as $1 million in consortium damages for the husband.[1] The complaint was amended to include a $2 million negligence claim against both defendants on behalf of the husband for his own injuries.[2]

Both the initial complaint, and the first amended complaint alleged that plaintiffs were citizens of Massachusetts and defendants were citizens of New Hampshire. Notwithstanding the allegation of complete diversity of citizenship, defendants did not remove the case.

On February 7, 1987, Michelle McKenna died. The complaint was again amended, this time to add a wrongful death claim. It was filed on November 16, 1988 and was served on defendants.[3] On December 2, 1988—less than 30 days after service of the second amended complaint, but more than two years after service of the initial complaint—defendants removed the case to this court on the basis of diversity of citizenship. Plaintiff now seeks to have the case remanded for failure to comply with the time limit for removal prescribed in 28 U.S.C. § 1446(b).

## I.

A case is removable on the basis of diversity of citizenship as long as none of the defendants are citizens of the forum state and there is complete diversity between the plaintiffs and all the defendants. 28 U.S.C. § 1441(b). Defendants concede that this case was removable based on the initial complaint.

Once a case first becomes removable, the removal petition must be filed within 30 days. 28 U.S.C. § 1446(b).[4] As this court recently recognized, although "compliance with the thirty day rule is not a jurisdictional prerequisite", failure to comply normally "precludes that defendant from removing the case." *Garside v. Osco Drug, Inc.*, 702 F.Supp. 19, 21 (D.Mass.1988) (Tauro, J.) (recognizing an exception to the thirty day rule when multiple defendants are involved). The twin policies underlying the 30 day limitations period are:

> to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after proceedings, extending over months or even years, may have taken place in the first court.

*Wilson v. Intercollegiate (Big Ten) Conference*, 668 F.2d 962, 965 (7th Cir.), *cert. denied*, 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed. 2d 70 (1982).

Although the statute appears to preclude removing a case on the basis of an amended pleading where the case was initially removable, courts have ruled that where "the plaintiff files an amended complaint

---

**1.** The initial complaint contained three different counts, each of which this court reads as alleging negligence.

**2.** The first amended complaint repeated the three negligence counts contained in the initial complaint on behalf of David McKenna.

**3.** The second amended complaint contained twelve counts. Notwithstanding the multiplicity of counts alleged, this court reads the complaint as alleging simply that defendants' negligence caused injuries to both plaintiff and his deceased wife entitling them to damages for their injuries, the wife's death and the husband's loss of consortium.

**4.** 28 U.S.C. § 1446(b) provides: "The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

that so changes the nature of his action as to constitute 'substantially a new suit begun that day' " the right to remove is revived. *Wilson*, 668 F.2d at 965, *quoting Fletcher v. Hamlet*, 116 U.S. 408, 410, 6 S.Ct. 426, 427, 29 L.Ed. 679 (1886). The purpose of this exception is to recognize that a litigant's "[w]illingness to remain in the state court for one cause of action does not show a willingness, or constitute a waiver, as to some quite different cause." *Garden Homes, Inc. v. Mason*, 143 F.Supp. 144, 145 (D.Mass.1956). *See also* 14A C. Wright, A. Miller, & E. Cooper *Federal Practice and Procedure*, § 3732, at 525–26 (2d ed. 1985).

Defendants contend that the addition of a wrongful death action to the complaint sufficiently changed the nature of the litigation so as to give rise to a new right of removal. The parties have not referred this court to, nor has this court's independent research found, any cases which discuss this issue.[5] The matter being one of first impression, the court is to be guided by the policies underlying both the general rule and the exception. *See Wilson*, 668 F.2d at 966 ("The intelligent decision of particular cases requires ... a sensitivity to the purposes of both the 30–day limitation and its judicially engrafted exception.").

## II.

Generally, an alteration of a claim is not enough to give rise to a new removal right. *See Adams v. Western Steel Buildings, Inc.*, 296 F.Supp. 759, 761 (D.Colo. 1969) ("an amendment of the claim does not generally revive the right of removal."). But where the amendment is substantial, the policies underlying the 30 day rule are inapplicable.

For an amended claim to give rise to a new right of removal, it must do more than merely assert a new legal theory of recovery based on the same set of facts. *See Adams*, 296 F.Supp. at 761–62 (addition of a negligence claim to a case premised on breach of warranty was not sufficiently substantial to revive right to remove); *Wilson*, 668 F.2d at 966 (addition of statutory civil rights claims to a complaint predicated on the federal constitution did not substantially change the action where the claim was still based on the same wrongdoing). Conversely, an amendment that interjects a new claim based on an entirely new set of facts will likely be enough to give rise to a right of removal. *See Dow Corning Corporation v. Schpak*, 65 F.R.D. 72, 75 (D.Ill. 1974) (addition of unrelated contract claim to case for breach of an entirely different contract gave rise to a new removal right).

It is not necessary that an amended complaint contain a completely new set of facts in order to constitute a substantial change in the litigation. *Cf.* Fed.R.Civ.P. 13(a) (all claims which "arise[ ] out of the transaction or occurrence" that gave rise to the complaint must be brought as compulsory counterclaims); *Hayle*, C.A. No. 86–2474–Y, slip op. available on LEXIS [1986 WL 14089] (all wrongs that "substantially derive from the same facts" are not separate and independent). Indeed, a new removal right might accrue although the amendment was based on the same set of facts contained in the original complaint if:

a plaintiff, seeking to mislead the defendant about the true nature of his suit and thereby dissuade him from removing it, included in his initial complaint filed in state court an inconsequential but removable [claim] unlikely to induce removal and then, after the time for removal had passed without action by the defendant,

---

5. The only case our research has disclosed dealing with a wrongful death amendment to a personal injury complaint determined that the amendment was not a "separate and independent" injury within the meaning of 28 U.S.C. § 1441(c). *See Hayle v. Ciba–Geigy Corporation*, C.A. No. 86–2474–Y, slip op. available on LEXIS (D.Mass. December 4, 1986) [1986 WL 14089] (declining removal). Section 1441(c) deals with the effect on removal of multiple claims that have been joined together, not on the effect an amendment has on the right to remove. The "separate and independent" claim doctrine is analogous to pendent claim and pendent party jurisdiction. *See* 1A J. Moore, B. Ringle & J. Wicker, *Moore's Federal Practice* ¶ 0.163[4.—5], at 338–39 (1987). Although *Hayle*'s reliance on a distinct removal provision distinguishes the case from the situation presented to this court, the rationale of *Hayle* is instructive.

amended the complaint to add the true and weighty ... grounds that he had been holding back. *Wilson,* 668 F.2d at 965. The same analysis applies even if plaintiff did not seek to mislead defendant, but merely amended the complaint to add a new and weighty claim because of recently discovered information. *Id.* at 966. In such cases, the tactical advantage that the defendant receives by way of a second opportunity to remove is not "undeserved", because of plaintiff's voluntary interjection of a substantial change in the litigation.

### III.

 Here, defendants assert that there are two substantial differences between the personal injury action and the wrongful death action. First, defendants correctly point out that the measure of damages is different in the wrongful death action. But this is not a case where plaintiff tendered an insubstantial claim initially (such as a suit to recover damages to his car) and later substituted a multi-million dollar personal injury action. Here, plaintiff alleged substantial tort claims in the original and first amended complaints and sought a multi-million dollar recovery at that point. *Cf. Henderson v. Midwest Refining Co.,* 43 F.2d 23, 25 (10th Cir.1930) (amended complaint seeking damages was removable where original complaint sought purely equitable relief). A change in the amount of damages sought, therefore, does not give rise to a new removal right.[6]

Defendants' second attempt to show a substantial distinction between the two claims concerns the added allegation that the cause of Michelle McKenna's death was a neurological disorder caused by the accident. But even without that amendment, plaintiff would have been entitled to prove that the accident caused the neurological disorder. Only the fact of death is a new element introduced by the second amendment. The underlying neurological disorder allegedly caused by the collision is com-

mon to both the original and amended complaints.

The initial complaint fairly apprised defendants of the nature of the litigation. They consented to having the case tried in the Commonwealth courts by not seeking removal at that time. To allow removal based on the current amendment would undercut the policies of the 30 day limitation period without serving the policies of the exception. No significant change has occurred in this litigation to revive the already waived right to remove. Accordingly, remand is proper.

An order will issue.

---

6. It is not even clear that plaintiff's recently amended complaint seeks more in damages than the first amended complaint. The first amended complaint sought $8 million in damages. The second amended complaint does not specify the quantum of damages sought.