SALVI G. NAPLES *vs.* COMMISSIONER OF THE DEPARTMENT
OF EMPLOYMENT AND TRAINING.[1]

Barnstable. February 4, 1992. - May 12, 1992.

Present: LIACOS, C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Statute*, Construction. *Employment Security*, Base earnings requirement,
Eligibility for benefits. *Constitutional Law*, Equal protection of laws.

In an appeal under G. L. c. 151A, § 42, from a decision of a District
Court affirming the determination of a board of review in the Depart-
ment of Employment and Training that the minimum wage require-
ment of G. L. c. 151A, § 1 (*w*), was determined by wages paid rather
than earned during the applicable period and that the claimant was
ineligible to receive unemployment benefits because he had not been
paid wages during his base period of at least thirty times his benefit
rate, this court concluded, in affirming the District Court's decision,
that, by the use of the word "reported" in c. 151A, § 1 (*w*), the Legis-
lature intended that employers must report wages in the quarter in
which they are "paid," not earned, and that "average weekly wage"
includes those wages "paid" to an employee in the appropriate quarter.
[633-634]

A legislative scheme for implementing unemployment benefits, as set forth
in G. L. c. 151A, by attributing wages to the quarter in which they are
paid, rather than earned, was rationally related to a legitimate State
interest and not violative of the equal protection guarantees of the
United States Constitution. [634-635]

CIVIL ACTION commenced in the Barnstable Division of
the District Court Department on April 18, 1990.

The case was heard by *George H. Lebherz, Jr.*, J., and was
reported by him to the Appeals Court. The Supreme Judicial
Court transferred the case on its own initiative.

*T. Richard McIntosh* for the plaintiff.

[1]Formerly the director of the Division of Employment Security. See St.
1990, c. 177, §§ 246, 247.

*Maria Galvagna*, Assistant Attorney General, for the Commissioner of the Department of Employment and Training.

LYNCH, J. The plaintiff's claim for unemployment benefits was denied by the Department of Employment and Training (department), pursuant to G. L. c. 151A (1990 ed.), and the denial was affirmed by a review examiner. The board of review (board) then adopted the review examiner's decision. Pursuant to G. L. c. 151A, § 42, a District Court judge properly reviewed the board's decision under the standards set forth in G. L. c. 30A, § 14 (7) (1990 ed.), affirmed the decision, and reported his decision to the Appeals Court. We transferred the case here on our own motion and we also affirm.

To be eligible for unemployment benefits under G. L. c. 151A, an individual must "[h]ave been paid wages in the base period amounting to at least thirty times the weekly benefit rate, but not less than twelve hundred dollars." G. L. c. 151A, § 24 (*a*). A base period is "the period of fifty-two consecutive calendar weeks ending with the day immediately preceding the first day of a claimant's benefit year." G. L. c. 151A, § 1 (*a*). A benefit year is "the period of fifty-two consecutive weeks beginning on the Sunday immediately preceding the date on which an individual files a claim for benefits." G. L. c. 151A, § 1 (*c*). The benefit rate is set at fifty per cent of the individual's "average weekly wage." G. L. c. 151A, § 29 (*a*). If the individual received wages in only two quarters in the base period, as here, the average weekly wage is an amount equal to "one thirteenth of the total reported for the highest quarter." G. L. c. 151A, § 1 (*w*).

Under the findings and decision of the board the plaintiff's entitlement to benefits depends on his meeting the minimum wage requirement of the statute. The board ruled that the minimum was determined by wages paid rather than earned during the applicable period and that the plaintiff was ineligible to receive benefits because he had not been paid wages during his base period of at least thirty times his benefit rate (or $7,770). (He was paid $7,715.78 during his base period.)

On appeal the plaintiff argues that the decision was based on an error of law and that, because G. L. c. 151A, § 1 (*w*), is ambiguous, the department arbitrarily and capriciously denied him benefits. He further argues that the department's interpretation violates equal protection principles.[2]

a. *Error of law.* The plaintiff argues that, if the department used only those wages earned by him during the pertinent quarter in their formula, he would have been eligible for unemployment compensation. He contends that G. L. c. 151A, § 1 (*w*), is ambiguous on its face, in that it tells how to calculate the average weekly wage once wages have been attributed to calendar quarters, but does not describe how to attribute wages to quarters. Therefore, he argues, the department should apply the formula to wages earned, not paid, because to do so produced an arbitrary result not in keeping with the purpose of the statute.

"It is well settled that when a statute is construed its words are to be given their usual and ordinary meaning considered in light of the aim to be accomplished by the Legislature." *Prudential Ins. Co.* v. *Boston*, 369 Mass. -542, 546 (1976). General Laws c. 151A, § 1 (*w*), states:

> " 'Average weekly wage', an amount equal to one twenty-sixth of the total wages *reported* for an individual in the two highest *quarters* of his base period; provided, that if wages *reported* include not more than two *quarters* in said base period, his weekly wage shall be deemed to be one thirteenth of the total *reported* for the highest *quarter*. If such weekly wage includes a fractional part of a dollar it shall be raised to the next highest dollar." (Emphasis added.)

---

[2]We decline to address the plaintiff's argument that counting wages when paid, rather than earned, allows employers to manipulate the unemployment compensation eligibility of their employees and that the decision offends the Massachusetts Constitution because the record before us fails to demonstrate that it was raised below.

Base period employers are required to "report wages *paid* such individual during the base period" (emphasis added). G. L. c. 151A, § 38 (*a*). In addition, 430 Code Mass. Regs. § 5.04(1) (1991) states in part:

> "All base period employers as reported by a claimant for benefits will be requested to supply wage earning reports. Whenever an employer is requested to report an individual's base period wages, he will be required within seven days of the date of notice to report all the base period wages *paid* to such individual by him during the base period. . ." (emphasis added).[3]

We conclude, therefore, that, by the use of the word "reported," the Legislature intended that employers must report wages in the quarter in which they are "paid," not earned, and that "average weekly wage" includes those wages "paid" to an employee in the appropriate quarter. The usual and ordinary meaning of the word "paid" does not encompass wages earned but not paid.

It is clear that the legislative intent was to limit eligibility for unemployment compensation by requiring a minimum level of earnings as a prerequisite. Unfortunately for this plaintiff, his case falls on the side of the legislative line that makes him ineligible for such compensation.

b. *Constitutionality.* The plaintiff argues that attributing wages to the quarter in which they are paid is so arbitrary as to violate the equal protection guarantees of the United States Constitution.

The Legislature has a legitimate interest in providing unemployment benefits only for those working a certain prede-

---

[3]General Laws c. 151A, § 38 (*a*), has been amended by St. 1990, c. 154, § 28, subsequent to this action, to add the following paragraph: "The commissioner may promulgate rules and regulations allowing an employer to report wages on 'wages paid' or 'wages earned' basis." Despite this amendment, the commissioner has not implemented the policy which the plaintiff advocates, although 430 Code Mass. Regs. § 5.03 (12) (1991) deals with notification requirements to employers by third parties making wage payments.

termined minimum term. A system that paid benefits to employees who worked only one or two days would be impracticable and not economically feasible. While this particular claimant would receive unemployment benefits if the average weekly wage were to be calculated according to what he earned, other claimants who are now eligible for unemployment benefits based on what they were paid during their highest quarter might lose their benefits under the plaintiff's statutory construction. Since the Legislature needed to establish a scheme for implementation of unemployment benefits, its determination to base that scheme on wages paid, rather than earned, is rationally related to a legitimate State interest.

"Legislatures need not create statutory classifications with surgical precision, because not all classifications are proscribed by the equal protection clause." *Opinion of the Justices*, 408 Mass. 1215, 1224 (1990). "State legislatures are presumed to have acted within their constitutional power despite the fact that . . . their laws result in some inequality." *Id.*, quoting *McGowan* v. *Maryland*, 366 U.S. 420, 425-426 (1961). Since the "legislative classification challenged as violative of the equal protection clause involves neither a suspect class nor a fundamental right, we review it only to determine whether it is rationally related to a legitimate State interest." *Opinion of the Justices, supra.*

*Judgment affirmed.*