Fabricant, Judith, J.
INTRODUCTION
This action presents a claim of legal malpractice. Before the Court is the defendant’s motion to dismiss, on the grounds that the claims are the subject of a prior pending action and are barred by the applicable statutes of limitations. For the reasons that will be explained, the motion will be allowed, and the action will be ordered dismissed.
BACKGROUND
For purposes of the present motion, the Court accepts as true all well-pleaded factual allegations of the complaint, but disregards conclusions and characterizations asserted therein. See Sisson v. Lhowe, 460 Mass. 705, 706 (2011); Welch v. Sudbury Youth Soccer Ass’n, 453 Mass. 352, 354 (2009); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The Court also takes judicial notice of its own records, particularly the pleadings and court orders in case no. 2008-2318F (“the 2008 case”), in which the plaintiffs are the same as those in this case, and the defendants are this defendant’s law partner and their firm. See Reliance Ins. Co. v. Boston, 71 Mass.App.Ct. 550, 555 (2008). These sources provide the following factual background.
In 2005 the plaintiffs, Kenneth P. Weiss and Green Shoe, Ltd., a company under his control (collectively, Weiss), were involved in a dispute with the owner of a marina in Gloucester, regarding docking of a large yacht.[1] The law firm of Donahue, Grolman & Earle represented Weiss in that dispute. The complaint in this action (¶4) identifies the firm as a partnership. Attorney Ira Grolman, according to the complaint in this action, was “employed by and an agent oF that firm (¶3). Attorney Scott Donahue, who is not a party to this case but is a defendant in the 2008 case, was, according to the complaint in this action (¶28), “Grolman’s partner.”[2]
On May 20, 2005, the owner of the marina, through counsel, sent Donahue an offer to resolve the dispute, conditioned on acceptance by May 24, 2005. Weiss would have accepted the offer, but Donahue first informed him of it on May 27,2005, after its expiration date, telling him at that time that the offer had been extended. Thereafter, Weiss attempted to accept, through Donahue, but the marina owner refused. Weiss suffered substantial damages as a result.[3]
On May 22, 2008, Weiss brought the 2008 case, naming Donahue and the law firm. The original complaint in that action asserted claims of negligence, breach of contract, and breach of fiduciary duty against Donahue and the firm, based on Donahue’s alleged negligence in failing to communicate the offer promptly and in drafting and negotiating contracts with the marina. Weiss filed an amended complaint in that case on December 8, 2008, adding a count of intentional infliction of emotional distress, based on the allegation that Donahue intentionally withheld the settlement offer. On May 10,2010, two days before the scheduled close of discovery in that case, Weiss filed a motion for leave to file a second amended complaint, adding Grolman as a defendant, along with new fac *296 tual allegations and new claims against all defendants of fraud and civil conspiracy. In an order dated November 19, 2010, the Court (Hogan, J.) denied the motion, citing the plaintiffs’ “undue delay and the prejudice that the defendants would suffer if the amendment were allowed.”[4]
Weiss filed this action against Grolman on October 20, 2011. The complaint is nearly identical to the proposed second amended complaint in the 2008 action. It alleges that, on May 20, 2005, the date the marina’s attorney sent the settlement offer by letter to Donahue, Grolman and Weiss were preparing for a hearing, to be held on May 23, 2005, on Weiss’s request for an injunction against the marina. Grolman, the complaint alleges, “intentionally misled and deceived Weiss by preparing with Weiss for the hearing, but failing to inform him of the letter [offering settlement] during their preparation, and thus depriving Weiss of reviewing the letter and providing input or asking questions or for advice about the letter during their preparation session.” Further, the complaint alleges, Grolman “surreptitiously,” without Weiss’s knowledge, added to an affidavit Weiss had already executed a paragraph making reference to the offer letter, and filed the revised affidavit in support of the injunction request. As a result of that information in the affidavit, the Court denied the injunction request. On May 27, 2005, the “defendants,” according to the complaint (¶27), falsely informed Weiss that the offer had been extended.[5] Weiss then attempted to accept the offer, through Donahue, but the marina refused.
The complaint alleges that Grolman first revealed his knowledge of the offer letter in his October 8, 2009, deposition in the 2008 case. On that occasion, the complaint alleges, Grolman “testified falsely . . . that he informed Weiss by multiple emails and phone on May 21-22, 2005, none of which have ever been produced or corroborated.” Further, the complaint alleges, Grolman “gave false, misleading and perjured testimony in an attempt to conceal Grolman’s negligent representation of Weiss and willful misconduct toward him.”
Based on these allegations, the complaint asserts seven counts against Grolman: violation of G.L.c. 93A (count one); negligence (count two); breach of contract (count three); breach of fiduciary duly (count four); intentional infliction of emotional distress (count five); fraud (count six); and civil conspiracy “with DGE [Donahue, Grolman & Earle] and members thereof’ (count seven). Grolman moves to dismiss the complaint in its entirety, on two grounds: it is barred by the pendency of the 2008 case, pursuant to Mass.R.Civ.P. 12(b)(9); and it is barred by the statute of limitations applicable to each count.
DISCUSSION
To withstand a motion to dismiss, a plaintiffs complaint must contain “ ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief, in order to ‘reflect [a] threshold requirement. . . that the plain statement possess enough heft to sho[w] that the pleader is entitled to relief.’ ” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 557 (2007). While a complaint need not set forth detailed factual allegations, a plaintiff is required to present more than labels and conclusions, and must raise a right to relief “above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact).” Id.
Mass.R.Civ.P. 12(b)(9) “provides for the dismissal of a second action in which the parties and the issues are the same as those in a prior action still pending in a court of this Commonwealth. The rule prohibits the long-barred practice of claim-splitting.” Lyons v. Duncan, 81 Mass.App.Ct._(May 23, 2012), slip op. at 3 (internal quotations and citation omitted). Here, there can be no doubt that the factual basis of the plaintiffs’ claims, and the issues raised, are the same as those in the 2008 action. Although the complaint adds allegations of “surreptitious” alteration of an affidavit, and of misrepresentations regarding the necessity of litigation, it ties these allegations to the plaintiffs’ injury only through the alleged failure to provide timely disclosure of the settlement offer. That failure, which was and remains the subject of the 2008 action, is central to all of the claims pled here. The two cases thus arise from the same group of operative facts. See Sisson v. Lhowe, 460 Mass. 705, 709 (2011) (cause of action, for purposes of application of a statute of repose, refers to “the group of operative facts that gave rise to the complaint”); TLT Construction v. A. Anthony Tappe & Assoc., Inc., 48 Mass.App.Ct. 1, 8 (1999) (same for purposes of claim preclusion).
The parties to the two cases are not the same, however; Grolman, the defendant here, is not a party to the 2008 case, despite the plaintiffs’ effort to make him so. But Grolman’s law firm, and his partner, are parties to that case. The question thus arises whether the relationship between Grolman and those defendants is sufficient to constitute privity for purposes of Rule 12(b)(9). Privity, for this purpose, requires “a veiy close relationship bordering on a complete identity of interest.” Mongeau v. Boutelle, 10 Mass.App.Ct. 246, 250 (1980) (internal quotations and citations omitted).[6] Grolman and Donahue, as partners, are vicariously liable for each other’s conduct in the practice of law. See G.L.c. 108A, §15. Thus, with respect to claims arising from their practice, their interests are identical. A claim against their law firm, similarly, directly affects the interest of each as co-owner of the firm.[7] The Court therefore concludes that Grolman, the defendant here, is in privity with the defendants named in the 2008 case for purposes of Rule 12(b)(9).[8]
*297 Citing Hurwitz v. Bocian, 41 App.Ct. 365, 369 (1996), plaintiffs argue that the Court should permit this action to proceed, and should consolidate it with the 2008 action. That decision found no error in a judge’s following that course, based on decisions recognizing that a judge has discretion to reopen an issue previously decided by another judge, including the denial of a motion to amend, as long as judgment has not entered. This Court has no doubt of its authority to follow the course plaintiffs urge, but sees no legitimate reason to do so, where that course would effectively nullify the denial of the plaintiffs’ motion to file a second amended complaint.
This Court would hesitate to undo the work of another judge even if it disagreed. It does not in this instance. The plaintiffs’ own allegations establish that they knew of Donahue’s misconduct, and that they would suffer harm as a result, in May of2005. The plaintiffs also knew at that time that they could seek recovery from Grolman, as Donahue’s partner, for harm resulting from Donahue’s conduct, even if Grolman himself had no part in that conduct. The plaintiffs nevertheless waited until two days before the discovery deadline to attempt to join Grolman. The Court could have allowed the motion to amend and extended discovery, but that would have delayed resolution of the claims against the original defendants, as well as likely adding to their expense. Those defendants had a strong and legitimate interest in timely resolution of the claims against them. The Court, similarly, has a strong and legitimate interest in preventing waste of its limited resources. Those considerations warranted denial of the motion to amend, and this Court will not disturb that ruling.
Having concluded that the case should be dismissed pursuant to Rule 12(b)(9), the Court need not reach the statute of limits issue. The Court observes nevertheless that the defense on that ground is well-founded, essentially for the reasons already discussed. The plaintiffs knew, in May of 2005, that they had a cause of action against Grolman, based on vicarious liability, for the damages resulting from Donahue’s failure to inform Weiss of the offer letter before it expired. The information that the plaintiffs allege they learned in December of 2009, regarding Grolman’s direct involvement, provides a new theory of liability against Grolman, but not a new cause of action; the cause of action remains the harm arising from the non-disclosure in May of 2005. See Sisson v. Lhowe, 460 Mass. at 709; TLT Construction v. A. Anthony Tappe & Assoc., Inc., 48 Mass.App.Ct. at 8. Moreover, even if Grolman’s direct involvement would give rise to a distinct cause of action, the conduct of Grolman’s partner in 2005, as alleged in the complaint in the 2008 case, would have put the plaintiffs on inquiiy notice as to Grolman’s role. See Frankston v. Denniston, 74 Mass.App.Ct. 366, 373 (2009); Hanson Housing Authority v. Dryvit System, Inc., 29 Mass.App.Ct. 440, 446-47 (1990).
The continuing representation doctrine would not toll the limitations period, because, on the facts the plaintiffs have alleged, they had actual knowledge in May of 2005 that they had suffered appreciable harm as a result of conduct for which Grolman, as Donahue’s partner, was responsible. See Lyons v. Nutt, 436 Mass. 244, 250 (2002). The limitations period thus began to run in May of 2005. It expired as to all the common-law claims in May of 2008, pursuant to G.L.c. 260, §4, and a year later, pursuant to G.L.c. 260, §5A, as to the c. 93A claim. It follows that all claims pled in this action, filed in October of 2011, are time-barred.
CONCLUSION AND ORDER
For the reasons stated, the Defendant Ira Grolman’s Motion to Dismiss is ALLOWED.

 Apparently the size of the yacht was such that few marinas could accommodate it.

 The complaint (3141) in the 2008 case identifies Donahue as, “a member, partner or employee” of the firm.

 The damages alleged include costs for moving the yacht to Europe and storing it there, a loss on its sale, loss of its use, unrealized charter revenue, costs of unnecessary litigation, and emotional distress and related costs of medical treatment.

 After further proceedings on various motions, the 2008 case was scheduled for trial on April 23, 2012. Trial did not occur on that date, and has not been rescheduled. Whether and to what extent the pendency of this case, and of the present motion, have affected scheduling of further proceedings in that case is unclear. Weiss filed a motion to consolidate the two cases on March 29, 2012; a notation in the docket of the 2008 case indicates that that and another motion “need to be addressed depending on the outcome oF the present motion.

 Weiss characterizes this reference as a “drafting misnomer,” which was intended to refer only to Donahue.

 Mongeau appije(j the doctrine of claim preclusion, not prior pending action. Both require identity or privity of parties.

 The Court has not ignored the inconsistencies and ambiguities in the plaintiffs’ pleadings regarding the nature of the firm and the two attorneys’ relationships to it, but holds the plaintiffs bound by their allegations that the firm is a partnership, and that Grolman is Donahue’s partner.

 The Appeals Court has twice applied Rule 12(b)(6) to claims against a law partner or a law firm of a defendant in a prior pending action, apparently considering the point so clear that it did not warrant a published decision. See Purple Tunnel Enterprises, Inc. v. Palmer, 77 Mass.App.Ct. 1102 (2010); Lanza v. Graff, 63 Mass.App.Ct. 1106 (2005).