UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Karyn D. Webb,
     Plaintiff

     v.                                    Case No. 13-cv-511-SM
                                           Opinion No. 2014 DNH 118
Federal Home Loan Mortgage Corp.,
     Defendant


## O R D E R


Karyn Webb brings this action against Federal Home Loan Mortgage Corporation (a/k/a "Freddie Mac"), asserting that it breached the terms of a "Mortgage Loan Modification" agreement between the parties.  She seeks injunctive relief and monetary damages.


Pending before the court is Webb's motion to remand this proceeding to state court (where she originally filed suit).  Freddie Mac objects.  For the reasons stated, Webb's motion to remand is granted.


## Background

On September 24, 2013, Webb filed a "Verified Petition for Ex Parte Temporary Relief and Preliminary and Permanent Injunctive Relief" in the New Hampshire Superior Court (Cheshire County), seeking to enjoin Freddie Mac and its agents from

foreclosing on her home. That same day, she provided counsel for Freddie Mac with a copy of her petition. In that petition, Webb set forth the details of the parties' relationship, the Loan Modification Agreement she says they entered, how Freddie Mac (allegedly) breached that agreement, and why she was entitled to injunctive relief against Freddie Mac.

That same day (September 24), the superior court granted the requested relief, entered a temporary restraining order, and enjoined Freddie Mac from foreclosing on Webb's home. Then, after conducting a hearing on October 2, 2013 (at which counsel for Freddie Mac appeared), the court granted Webb's request for preliminary injunctive relief and it continued the terms of the previously-issued temporary restraining order in full force. The court also directed that an evidentiary hearing take place in sixty days.

Three weeks later, on October 25, Webb filed a motion seeking leave to file an amended complaint. In her proposed amended complaint, Webb relied upon the same facts that were alleged in her original pleading, but augmented her requested relief by adding claims for monetary damages. Specifically, the proposed amended complaint advanced four counts: (1) the previously-sought request for injunctive relief; (2) a breach of

2

contract claim; (3) a claim pled in the alternative, asserting promissory estoppel; and (4) a claim under the Equal Credit Opportunity Act.  The superior court granted Webb's motion to amend on November 21, 2013.  Four days later, on November 25, Freddie Mac removed the proceeding, invoking this court's diversity subject matter jurisdiction.

## Discussion

Webb's argument in support of her motion to remand is straight-forward: Freddie Mac's removal of this proceeding from state court was untimely.  As noted above, on September 24, 2013, Webb filed her original pleading in state court and provided Freddie Mac with a copy.  Two days later, Freddie Mac executed an acceptance of service.  But, it did not seek to remove the case to federal court until nearly two months later: November 25, 2013.  That is well beyond time allowed by 28 U.S.C. § 1446, which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ..

28 U.S.C. § 1446(b)(1).

3

But, says Freddie Mac, there is an exception to the language quoted above under which "a defendant's right to remove can be revived if the plaintiff amends the complaint in such a way that changes the essential character of the action." Defendant's Objection (document no. 5) at 2. One district court recently described that exception as follows:

There is one narrow judicially-created exception to the thirty-day rule, known as the revival exception. This exception allows removal after the thirty day period has run where an amended pleading changes the nature of a case so drastically that the amendment in effect begins a new case. A defendant must rely on the revival exception where the complaint was initially removable, making section 1446(b) inapplicable. The right to revive must be determined in each case with reference to its purposes and those of the 30-day limitation on removal to which it is an exception, and against a background of general considerations relating to the proper allocation of decision-making responsibility between state and federal courts. Where the pleading amendments do not change the target of a plaintiff's attack, the basic legal theory of the case, or the nature of the relief sought there is no revival. Thus, where the addition of new parties, the enactment of a new law, or the addition of claims does not change the essential nature of the action, revival is not warranted. In contrast, where the newly added claims bear no resemblance to the original allegations or the parties are realigned such that, for example, co-defendants become plaintiffs, a district court may apply the revival exception.

In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 2006 WL 1004725, *3 (S.D.N.Y., April 17, 2006) (footnotes, citations, and internal punctuation omitted). See also Doe v. Florida Int'l Univ. Bd. of Trustees, 464 F. Supp. 2d

4

1259, 1261 (S.D. Fla. 2006) ("This narrow exception is limited to two types of cases: (1) where the plaintiff deliberately misleads a defendant about the true nature of the case until the thirty-day period expires; or (2) where an amended complaint fundamentally alters the nature of the case to such an extent that it creates an essentially new lawsuit.") (citation and internal punctuation omitted).  See generally McKenna v. Brassard, 704 F. Supp. 309, 311 (D. Mass. 1989).

According to Freddie Mac, the amended complaint is substantially different from Webb's original pleading and dramatically alters the nature of her claims.

> The [original complaint] contained no allegations or counts whatsoever against the Defendant.  The [original complaint] requested injunctive relief.  The [amended complaint] is substantially different than the [original complaint]; it introduces new theories and claims against the Defendant which were absent from the [original complaint].

Defendant's Objection at 2.[1]  Freddie Mac's characterization of Webb's original complaint is not entirely accurate.  In that pleading, Webb asserted that:

---

[1]    Because Webb's original complaint was removable on diversity grounds, see 28 U.S.C. § 1332, Freddie Mac does not (nor could it) invoke the provisions of 28 U.S.C. § 1446(b)(3) which allow removal within 30 days of service of an "amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable."  See generally In re MTBE Products Liability Litigation, supra.

5

1. On May 14, 2004, she executed a promissory note for $74,900 to Guaranty Residential Lending, Inc., secured by a mortgage deed that was recorded in the Cheshire County Registry of Deeds;

2. Through a series of assignments, Freddie Mac now holds both the note and mortgage;

3. After experiencing financial hardship, Webb fell behind on her payments under the note and, in October of 2012, received a notice of default;

4. On November 28, 2012, Webb submitted a "Request for Mortgage Assistance" under the Making Home Affordable Program;

5. By letter dated April 11, 2013, Freddie Mac (through its agent) offered Webb a permanent "Freddie Mac Loan Modification" if she "took all the steps" outlined in the offer letter;

6. That offer provided that if Webb made a series of three monthly payments of $706.41 by the first day of May, June, and July of 2013, "your mortgage will be permanently modified;"

7. Freddie Mac further promised that "If you make your new payments timely we will not conduct a foreclosure sale;"

8. Webb accepted Freddie Mac's offer by making the three requisite monthly payments in a timely manner;

9. When Webb subsequently contacted Freddie Mac's agent about the loan modification, the agent refused to acknowledge the modification and informed Webb of its intention to foreclose;

10. "In breach of its contractual obligations, Freddie Mac did not modify Ms. Webb's Note, but rather has proceeded to foreclose the Mortgage;" and

6

11. On September 11, 2013, Webb received a letter from Freddie Mac's counsel, informing her that it would foreclose the Mortgage by conducting a public auction on Tuesday, October 1, 2013 at 10:00 AM.

Webb's Petition for Injunctive Relief (document no. 13) at 63 of 76 through 70 of 76.

Plainly, then, the basis for Webb's state court action was her claim that Freddie Mac breached the parties' contract - that is, the Loan Modification Agreement. In fact, to obtain the equitable relief she sought from the state court, she was required to prove a likelihood of success on the merits of that breach of contract claim. And, equally plain, is the fact that the state court concluded that she had borne that burden of proof. In her amended complaint, Webb merely added claims for monetary damages; she did not alter the fundamental nature of her legal claims nor did she, in essence, commence a "new lawsuit." See, e.g., MG Bldg. Materials, Ltd. v. Paychex, Inc., 841 F. Supp. 2d 740, 744-45 (W.D.N.Y. 2012) ("the essential question is whether the amended pleading can fairly be said to give rise to what is, practically speaking, a 'new' lawsuit.").

## Conclusion

Removal statutes are strictly construed. See Danca v. Private Health Care Sys., 185 F.3d 1, 4 (1st Cir. 1999).

7

So, too, is the "revival" exception to the thirty-day limit on removal upon which Freddie Mac relies. Consequently, to avoid remand, Freddie Mac must bear the substantial burden of demonstrating a fundamental change in the nature of plaintiff's claims. It has failed to do so.

The amendment to Webb's initial state court pleading did not "fundamentally alter the nature of the case to such an extent that it create[d] an essentially new lawsuit." Florida Intern. University, 464 F. Supp. 2d at 1261. It relies on the same facts alleged in Webb's original petition. It relies on the same legal claim as was advanced in the original petition - namely, that Freddie Mac breached the parties' contract. The amendment merely adds to the remedies Webb seeks by adding claims for monetary damages resulting from Freddie Mac's alleged conduct. Freddie Mac has not shown that such an amendment warrants application of the "revival" exception to 28 U.S.C. § 1446.

In light of the foregoing, Plaintiff's Motion to Remand (document no. 3) is granted and the case is hereby remanded to the New Hampshire Superior Court (Cheshire County).

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

May 29, 2014

cc:  Lawrence M. Edelman, Esq.
     Michele E. Kenney, Esq.
     William J. Amann, Esq.